IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MARIO A. PEÑA, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

MICROSOFT CORPORATION, a Washington corporation,

Defendant.

Case No. 21-cv-3229

Date: June 16, 2021

**NOTICE OF REMOVAL**

Defendant Microsoft Corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, files this Notice of Removal of Case No. 2021-CH-02338, which was pending in the Circuit Court of Cook County, Illinois.[1] In support of its Notice of Removal, Defendant states as follows:

**INTRODUCTION AND BACKGROUND**

1. On or about May 12, 2021, Plaintiff Mario A. Peña, individually and on behalf of similarly situated individuals, filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, styled as *Mario A. Peña v. Microsoft Corporation*, Case No. 2021-CH-02338. Defendant was served with the Summons and a copy of Plaintiff's Complaint on May 18, 2021.

2. Plaintiff's Complaint asserts a claim for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS l4/1, *et seq*. ("BIPA").

3. Microsoft is the only defendant in this action.

[1] Counsel for Defendant specially appears for purposes of this notice of removal. This notice shall not be construed as a general appearance or the consent of Defendant to the jurisdiction of the Court, nor as a waiver of any defenses, including on grounds of lack of personal jurisdiction or improper venue.

4. Defendant has not yet responded to Plaintiff's Complaint. Plaintiff has filed a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery. The parties have not yet filed or served any other pleadings.

5. Copies of "all process, pleadings, and orders served upon [] defendant" are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

6. A copy of the Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery, is attached hereto as Exhibit B.

**CLASS ACTION FAIRNESS ACT**

7. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants to the United States District Courts original jurisdiction over "any civil action" in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (noting that the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions").

8. This case meets all the requirements for jurisdiction under CAFA on the face of the Class Action Complaint. The Complaint alleges facts creating an amount in controversy that exceeds $5,000,000, and at least one member of the proposed class of plaintiffs is a citizen of a state different from Defendant. *See* 28 U.S.C. § 1332(d)(2). Additionally, the sole Defendant is not a State, State official, or other government entity, and the number of members of the proposed plaintiff class is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(a)-(b).

**A. Amount in Controversy**

9. For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000 on the face of the allegations in the Complaint. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). As a result, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

10. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claim, including the legal theories upon which it is based and any claim for alleged damages or other relief. In acknowledging that Plaintiff's Complaint pleads facts establishing this Court's jurisdiction under CAFA, Microsoft in no way concedes that Plaintiff or the putative class are entitled to damages or penalties or any relief whatsoever.

11. The Complaint alleges that Plaintiff is one of the "drivers for the ridesharing company Uber. . . [who] had their unique facial biometrics collected and used without their consent or authorization by Microsoft when they interacted with the Uber mobile application to verify their identity." (Ex. A ¶ 1). Plaintiff purports to represent a class of "thousands" of Uber drivers "whose biometric identifiers or biometric information were allegedly collected, captured, stored, transmitted, or otherwise used by Defendant a part of Uber's Real Time ID Check" in violation of BIPA. (Ex. A ¶¶ 29, 32, 34) ("*thousand**s*** of members of the Class") (emphasis

added).

12. The Complaint alleges Defendant's violations of BIPA "were knowing and willful, or were at least in reckless disregard" of BIPA's requirements and seeks "$5,000 for *each* [such] willful and/or reckless violation of BIPA." (Ex. A ¶ 49, Prayer for Relief (d) (emphasis added)). Assuming the putative class consists of at least 1,001 class members, as Plaintiff alleges, and assuming alleged damages of $5,000 per each class member, also as Plaintiff alleges, the amount in controversy would be $5,005,000, exceeding the jurisdictional threshold. (Ex. A ¶ 34). The Complaint therefore satisfies the amount in controversy requirement under CAFA.

13. Defendant does not agree that Plaintiff is entitled to that measure of damages, but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is in controversy between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

**B. Diversity of Citizenship**

14. Plaintiff alleges he is a resident of Illinois. (Ex. A ¶ 4).

15. Defendant is a Washington corporation. (Ex. A ¶ 5). Its principal place of business is located in Redmond, Washington. Defendant is therefore a citizen of Washington for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

16. There is minimum diversity of the parties. *See* 28 U.S.C. § 1332(d)(2).

**C. Defendant**

17. Defendant is a corporation. (Ex. A ¶ 5). Defendant is therefore not a State, State

official, or other government entity. *See* 28 U.S.C. § 1332(d)(5)(a).

**D. Size of Proposed Class**

18. Plaintiff alleges "there are thousands of members of the Class." (Ex. A ¶ 34). The proposed class therefore exceeds 100 members as required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(b).

**ARTICLE III JURISDICTION**

19. Although Defendant is not required to address Article III jurisdiction in its Notice of Removal to properly remove this case under CAFA, the case also satisfies Article III jurisdiction. *See* U.S. Const. art. III, § 2.

20. Article III standing exists if the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Each element is satisfied here under the standards set forth by the Seventh Circuit in *Bryant v. Compass Group USA, Inc.*, 958 F3d 617, 620–624 (7th Cir. 2020).

**A. Injury in Fact**

21. In *Spokeo*, the Supreme Court held that a violation of a statutory provision—even a procedural one—can give rise to an injury in fact if the violation causes "an invasion of a legally protected interest" that is "concrete and particularized." 136 S. Ct. at 1548. In a similar vein, Justice Thomas's concurrence in *Spokeo* explained that even "the violation of [a] public right" gives rise to an injury in fact with respect to a particular plaintiff if it "caused him a concrete, individual harm distinct from the general population." 136 S. Ct. at 1553. The Seventh Circuit adopted the Justice Thomas concurrence in *Bryant v. Compass Grp. USA, Inc.*, denying standing on one claim because the plaintiff in that case demonstrated no individualized harm

from that violation. 958 F.3d at 624.

22. Each asserted BIPA violation here gives rise to an Article III injury under the standards that *Bryant* set forth for analyzing standing in BIPA claims.

23. First, Plaintiff alleges that "Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a)." (Ex. A ¶ 45(a)). Plaintiff alleges that as a result of that violation, he "does not know the whereabouts of his facial biometrics which Defendant obtained from him." (Ex. A ¶ 31). This is an individualized allegation of injury that, under *Bryant*, establishes a concrete and particularized injury: Plaintiff alleges he has been impaired in *his own* ability to ascertain the status of *his own* biometric data. *See* 958 F.3d at 624.

24. Second, Plaintiff alleges "Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored," "the specific purpose for which their biometrics were being captured, collected, stored, and used," and "the specific length of term their biometrics were being captured, collected, stored, and used," and "failed to obtain a written release," as required by 740 ILCS 14/15(b)(1)-(3). (Ex. A ¶ 45(b)-(d)). Plaintiff thus was allegedly "deprived . . . of the ability to give the informed consent section 15(b) mandates." *Bryant*, 958 F.3d at 626. Such a "deprivation is a concrete injury-in-fact that is particularized to [the plaintiff]." *Id*. So too is the "invasion of [his] private domain" inherent in the unlawful collection of biometric data. *Id.* at 624.

25. Third, Plaintiff alleges "Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1)." (Ex. A ¶ 45(f)). Plaintiff claims this alleged violation deprived him of the ability to give the requisite informed

consent. This is a concrete and particularized injury under *Bryant*.

26. Fourth, Plaintiff alleges "Defendant profited from Plaintiff's and the other Class members' facial biometrics in violation of 740 ILCS 14/15(c)." (Ex. A ¶ 46). Plaintiff claims Defendant "provid[ed] Uber paid access to its Face API software which uses facial geometry and face print biometrics to verify Uber's drivers' identities." (Ex. A ¶ 46). Plaintiff alleges this "violated [his] rights to biometric information privacy." (Ex. A ¶ 47). Here too, then, the asserted Section 15(c) violation allegedly expanded the "invasion of [Plaintiff's] private domain," which, under *Bryant*, suffices to create a concrete and particularized injury. *Bryant*, 958 F.3d at 624.

27. Accordingly, under the standards governing standing in BIPA cases in the Seventh Circuit, Plaintiff allegedly suffered an injury in fact as a result of each asserted BIPA violation.

**B. Causation**

28. The second element of standing—that the injury is "fairly traceable to the challenged conduct of the defendant"—is satisfied here as well. *See Spokeo*, 136 S. Ct. at 1547. Plaintiff alleges Defendant's supposed noncompliance with BIPA caused each alleged injury. *See supra* at ¶¶ 24-27.

**B. Redressability**

29. Plaintiff seeks to recover statutory damages and to obtain "injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA." (Ex. A at 12, Prayer for Relief (c)). Plaintiff alleges this relief would redress Plaintiff's alleged injuries, satisfying Article III's redressability pleading requirement.

## NO NEED FOR CONSENT TO REMOVAL

30. There are no other defendants whose consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS

31. This notice of removal is being filed within 30 days of May 18, 2021, the date on which Defendant was served with a summons and Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## VENUE FOR REMOVAL

32. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1): this District and this Division embrace Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).[2]

## NOTICE OF FILING OF NOTICE OF REMOVAL

33. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois.

## CONCLUSION

34. Based upon the foregoing, all requirements for diversity and removal jurisdiction have been met.

Therefore, Defendant Microsoft removes this action to this Court for all future proceedings.

---

[2] However, as noted above (n.1 *supra*), this Notice should not be construed as a waiver of a defense of improper venue.

Dated: June 16, 2021

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ David Rhinesmith*
David Rhinesmith, Illinois Bar No. 6302835
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500
drhinesmith@orrick.com

*Attorney for Defendant Microsoft Corporation*

## LIST OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | Summons and Class Action Complaint |
| B | Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery and Supporting Documents |

## CERTIFICATE OF SERVICE

I, David Rhinesmith, an attorney, do hereby certify that on June 16, 2021, I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL, LIST OF EXHIBITS, and ACCOMPANYING EXHIBITS to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via Federal Express:

Eugene Y. Turin
Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*/s/ David Rhinesmith*
David Rhinesmith