IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMAD KASHKEESH and MICHAEL KOMORSKI, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 1:21-cv-03229<br><br>Judge:   Hon. Manish S. Shah |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO CLARIFY COURT ORDER**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ II

I.      INTRODUCTION ........................................................................................................1

II.     FACTUAL BACKGROUND .......................................................................................2

        A.      Plaintiffs Agreed to the 2020 Platform Access Agreement and Its
                Arbitration Provision ........................................................................................2

        B.      Procedural History ............................................................................................3

III.    LEGAL STANDARD ..................................................................................................5

IV.     ARGUMENT ...............................................................................................................6

        A.      Plaintiffs Waived Their Arguments ..................................................................6

        B.      Plaintiffs' Arguments Lack Merit .....................................................................8

                1.      The Arbitration Provision does not permit Plaintiffs to demand
                        *class* arbitration of their claims ...........................................................8

                2.      Plaintiffs' unconscionability arguments provide no basis for
                        avoiding their contractual agreement to arbitrate individually .............10

                        a.      The FAA preempts Plaintiffs' unconscionability arguments .........10

                        b.      Plaintiffs' unconscionability arguments also fail under
                                Illinois law ...................................................................................11

                                (1)     Requiring individual arbitration is not procedurally
                                        unconscionable ..................................................................12

                                (2)     Requiring individual arbitration is not substantively
                                        unconscionable ..................................................................14

V.      CONCLUSION...........................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011)...................................................................................................11

*Auyeung v. Toyota Motor Sales, USA, Inc.*,
    2019 WL 3385189 (N.D. Ill. 2019) ...........................................................................11

*Bess v. DirecTV, Inc.*,
    381 Ill. App. 3d 229 (2008) ...............................................................................12, 13

*Bordelon v. Chicago Sch. Reform Bd. of Trs.*,
    233 F.3d 524 (7th Cir. 2000) ......................................................................................5

*Caisse Nationale de Credit Agricole v. CBI Indus.*,
    90 F.3d 1264 (7th Cir. 1996) ......................................................................................5

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018)..................................................................................1, 6, 10, 11

*Green v. Whiteco Industries, Inc.*,
    17 F.3d 199 (7th Cir. 1994) .........................................................................................1

*Kinkel v. Cingular Wireless LLC*,
    857 N.E.2d 250 (2006)......................................................................2, 11, 13, 15

*LaFlamboy v. Landek*,
    2009 WL 10695377 (N.D. Ill. 2009) ..........................................................................5

*Lamps Plus, Inc. v. Varela*,
    139 S. Ct. 1407 (2019)........................................................................1, 8, 9, 10

*Moberg v. City of W. Chi.*,
    2002 WL 31834872 (N.D. Ill. 2002) ..........................................................................6

*Olson v. Etheridge*,
    177 Ill. 2d 396 (1997) ...............................................................................................15

*Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*,
    2015 WL 393381 (N.D. Ill. 2015) ...............................................................................5

*Ripmax Ltd. v. Horizon Hobby, Inc.*,
    2008 WL 5385538 (C.D. Ill. 2008)..............................................................................6

*Sherrier v. Alliant Credit Union*,
    2022 IL App (1st) 211214-U, *appeal denied*, 201 N.E.3d 589 (Ill. 2023) ............................15

*Sienkaniec v. Uber Techs., Inc.*,
    2017 WL 7791193 (D. Minn. 2017) ..............................................................................14, 15

*Vogelsberg v. Kim*,
    2020 WL 8665293 (W.D. Wis. 2020)..................................................................................5

*Williams v. Jo-Carroll Energy, Inc.*,
    382 Ill. App. 3d 781 (2008) ..............................................................................................11

**Statutes**

9 U.S.C. § 4.............................................................................................................................6

Federal Arbitration Act ................................................................................................ *passim*

## I.     INTRODUCTION

The Court's Memorandum Opinion and Order of June 26, 2023 (ECF No. 104, the "Order") needs no clarification: Microsoft plainly asked this Court to order *individual* arbitration, and the Court granted Microsoft's Motion to Compel Arbitration without qualification. In any event, Plaintiffs' attempt to reverse the Court's ruling through their Motion for Clarification ("Motion" or "Mot."), ECF No. 105, repeatedly runs headlong into binding precedent and should be rejected.

To start, Plaintiffs waived the arguments they raise here, because each argument concerns an issue (whether Plaintiffs should be compelled to *individual* arbitration) that Microsoft's Motion to Compel Arbitration squarely presented and that Plaintiffs opted not to address at the time. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 n.4 (7th Cir. 1994) ("[R]aising this argument for the first time in the motion for reconsideration … definitively waives it.").

Even if Plaintiffs had timely raised these arguments, they would have failed. Insofar as Plaintiffs insist that any arbitration between them and Microsoft must proceed on a classwide basis absent an "express [contractual] declaration" to the contrary, Mot. 5, the Supreme Court has said exactly the opposite. In the Supreme Court's words, "courts may not infer consent to participate in class arbitration" from "[s]ilence" or "ambiguity." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019).  What's more, Plaintiffs ignore that the Arbitration Provision expressly mandates that *any* claims subject to arbitration under it must proceed on an individual basis: "[Y]ou agree to bring any dispute in arbitration on an individual basis only." ECF No. 102-3 at § 13.4.

Plaintiffs likewise run afoul of binding precedent when they claim the Arbitration Provision's class action waiver is unconscionable. Mot. 7-12. The Supreme Court has plainly said the Federal Arbitration Act ("FAA") prohibits a plaintiff from using a state law "contract defense" like "unconscionability" to "mandate[e] classwide arbitration." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018). And the Illinois Supreme Court, too, has rejected Plaintiffs' argument,

holding "a class action waiver will not be found unconscionable if the plaintiff had a meaningful opportunity to reject the contract term," *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 274 (2006)—an opportunity Plaintiffs undisputedly had here but did not exercise, ECF No. 102-3 at § 13.8 ("If you do not want to be subject to this Arbitration Provision, you may opt out."); ECF No. 102 at ¶¶ 18-19.

Plaintiffs' untimely arguments thus fail, and the Court should deny their Motion.

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs Agreed to the 2020 Platform Access Agreement and Its Arbitration Provision.

As this Court has explained, Plaintiffs are former Uber drivers who, in the course of their work, "sign[ed] the company's 2020 Platform Access Agreement" (the "2020 PAA"). ECF No. 104 at 3-4; *see also* ECF No. 92 at 2-4 (detailing the process by which Plaintiffs manifested this agreement). The 2020 PAA contains an "**Arbitration Provision**" identified by a bolded, conspicuous heading. *See* ECF No. 102-3 at § 13. The Arbitration Provision discloses that the 2020 PAA requires individual arbitration of certain disputes between drivers and Uber, as well as between drivers and certain third parties. *Id.* Specifically, it provides:

> **13.1. How This Arbitration Provision Applies.**
> …
> (b) **This Arbitration Provision applies to all claims whether brought by you or us, except as provided below. This Arbitration Provision requires all such claims to be resolved only by an arbitrator through final and binding individual arbitration and not by way of court or jury trial.**
> …
> (c) Except as it otherwise provides, **this Arbitration Provision also applies, without limitation, to disputes between you and us, or between you and any other entity or individual**, arising out of or related to your application for and use of an account to use our Platform and Driver App as a driver . . . .

*Id.* (emphasis added).

The Arbitration Provision also draws special attention to the instruction (quoted above)

that "all" driver claims within the scope of the Arbitration Provision must be "resolved only by an arbitrator through final and binding *individual* arbitration," *id.* (emphasis added), by calling it out separately in the following "**Class Action Waiver**":

> **13.4. Class Action Waiver. This Arbitration Provision affects your ability to participate in class or collective actions.** Both Uber and you agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or for you to proceed as a member in any such class or collective proceeding ("*Class Action Waiver*.").

*Id.* (emphasis in original).

The 2020 PAA also provided drivers—including Plaintiffs—with the opportunity to opt out of the Arbitration Provision if they wished. *See id.* § 13.8; ECF No. 102 ¶ 18. But neither Plaintiff Kashkeesh nor Plaintiff Komorski elected to do so. *See id.* ¶ 19. Instead, they chose to remain bound by the terms of the Arbitration Provision.

### B.  Procedural History.

Despite their commitment to resolve through individual arbitration all disputes with any entity that "aris[e] out of or relate[] to" (among other things) their use of Uber's Driver App, Plaintiffs filed this putative class action in court against Microsoft. On January 3, 2023, shortly after learning that Plaintiffs had assented to the 2020 PAA, Microsoft filed its Answer to Plaintiffs' Second Amended Complaint. In that Answer, Microsoft asserted that "Plaintiffs' claims … may not properly be maintained as a class action because Plaintiffs and the alleged putative class members they purport to represent agreed to resolve any dispute in arbitration on an ***individual*** basis only, and not on a class or collective basis on behalf of others." ECF No. 85 at 28 (emphasis added). Shortly after, Microsoft advised both the Plaintiffs (via email dated January 17, 2023) and the Court (via the Joint Status Report filed on January 31, 2023) that "it recently discovered … that Plaintiffs agreed to resolve their claims against Microsoft in this action through binding

3

*individual* arbitration," and was "seeking the evidence necessary to bring this defense before the Court as quickly as possible by means of a motion to compel Plaintiffs to *individual* arbitration." ECF No. 87, at 1 (emphasis added).

On February 17, 2023, Microsoft filed a Motion to Compel Arbitration, which asked this Court "to compel Plaintiffs to submit all claims asserted in their Second Amended Complaint ('SAC') to binding, *individual* arbitration." ECF No. 91 at 1 (emphasis added); *see also id.* at 2 (seeking to "compel Plaintiffs to individually arbitrate their claims"). Microsoft's Memorandum of Law in support of that Motion likewise asked this Court to "order Plaintiffs to *individually* arbitrate their claims against Microsoft." ECF No. 92 at 1 (emphasis added); *see also id.* at 15 ("This Court should order Plaintiffs to submit their claims to binding arbitration on an individual basis."). On that same date, Microsoft filed a Motion to Stay Discovery, which also raised the point that Plaintiffs should be compelled "to *individually* arbitrate the claims they assert against Microsoft." ECF No. 96 at 1 (emphasis added). In fact, one of Microsoft's core arguments for why a stay should issue was that in this litigation Plaintiffs sought classwide discovery that they "likely would not be entitled to if the Court compels *individual* arbitration." *Id.* (emphasis added).

Plaintiffs opposed both the Motion to Compel Arbitration and the Motion to Stay Discovery, but never raised an argument about the individual nature of the arbitration Microsoft sought. To the contrary, Plaintiffs sought to leverage the fact that Microsoft sought to "compel[] Plaintiffs to *individual* arbitration" as a reason that this Court should deny arbitration altogether. ECF No. 99 at 11, n.6; *see also id.* at 10 (acknowledging Microsoft sought individual arbitration).

The Court granted Microsoft's discovery stay motion on March 13, 2023. ECF No. 101. Then, on June 26, 2023, this Court ordered that "Defendant's [arbitrability] motion, [ECF No. 91], is granted." ECF No. 104 at 13. The Court imposed no limitations or qualification on its grant of

Microsoft's arbitrability motion, which (as explained above) sought *individual* arbitration. Nor did the Court anywhere indicate that the arbitration ordered between Plaintiffs and Microsoft may proceed on a classwide basis. Rather, it simply held that Microsoft's "motion is granted." *Id.* at 1.

On July 17, 2023, Plaintiffs filed what they called a "Motion for Clarification" of the Court's Order unconditionally granting Microsoft's arbitrability motion. *See* ECF No. 105. Instead of merely seeking clarification, however, that Motion requests that the Court "modif[y]" its Order "to state that arbitration may proceed on a class basis." Mot. 13. In substance, then, Plaintiffs' Motion is not truly seeking clarification, but rather reconsideration of the Court's unconditional grant of Microsoft's motion.

## III.     LEGAL STANDARD

Where, as here, a purported motion for "clarification" effectively seeks reconsideration of a prior order, the standard for motions for reconsideration applies. *See Vogelsberg v. Kim*, 2020 WL 8665293, at *1 (W.D. Wis. 2020) (analyzing filing styled as a "motion for 'clarification'" as a "motion for reconsideration" because its "[t]he substance of the motion shows that it is more accurately described as" the latter); *Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2015 WL 393381, at *1 (N.D. Ill. 2015) ("While stylized as a 'motion for clarification,' the court construes Panoramic's motion as a motion for reconsideration.").

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000); *see also LaFlamboy v. Landek*, 2009 WL 10695377, at *1 (N.D. Ill. 2009) ("Motions to

reconsider are not appropriate vehicles [for] new legal theories not argued before the ruling.").

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court ... for an order directing that ... arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Federal courts must "rigorously … enforce arbitration agreements according to their terms," *Epic Sys.*, 138 S. Ct. at 1621.

## IV. ARGUMENT

### A. Plaintiffs Waived Their Arguments.

Courts in this Circuit are clear that "'raising [an] argument for the first time" after the court has issued its opinion "definitely waives it.'" *Moberg v. City of W. Chi.*, 2002 WL 31834872, at *2 (N.D. Ill. 2002). This is true regardless of whether the new arguments are raised for the first time in a "motion for reconsideration," *id.*, or in a "motion for clarification," *Ripmax Ltd. v. Horizon Hobby, Inc.*, 2008 WL 5385538, at *2 (C.D. Ill. 2008). It thus makes no difference whether the Court considers Plaintiffs' Motion in light of its styling (i.e., for clarification) or the relief sought (i.e., reconsideration and modification of the Court's Order)—either way, Plaintiffs waived their arguments here if they "could have argued" them before but failed to do so. *Id.*

Here, Plaintiffs undoubtedly could have challenged in their Opposition to Microsoft's Motion to Compel Arbitration the individual nature of the arbitration Microsoft sought and the class action waiver Microsoft sought to enforce. In that Motion, Microsoft plainly and repeatedly asked this Court to "compel Plaintiffs to ***individually*** arbitrate their claims." ECF No. 91 at 2. Indeed, Microsoft's Memorandum in Support of that Motion specified it was requesting the Court to compel individual arbitration no fewer than sixteen times, from the very first page to the very last. *See* ECF No. 92 at 1 ("This Court should thus order Plaintiffs to individually arbitrate their claims against Microsoft."); *id.* at 15 (asking the Court to "order Plaintiffs to submit their claims

to binding arbitration on an individual basis and stay this action pending individual arbitration of each Plaintiff's claims.").[1] Microsoft's Proposed Order granting that Motion likewise requested Plaintiffs be ordered to bring their claims in *individual* arbitration. And Microsoft's Motion to Stay Discovery specifically cited the individual nature of the arbitration being sought as a reason for this Court to stay discovery until Microsoft's Motion was resolved. ECF No. 96 at 6 ("[I]f this Court compels Plaintiffs to individual arbitration, they will not be entitled to much of the discovery they seek" in this putative class action.).

Plaintiffs recognized this in their Opposition to Microsoft's arbitrability motion, acknowledging that Microsoft sought "to compel Plaintiffs to arbitrate their claims on an individual basis." ECF No. 99 at 1. Indeed, Plaintiffs sought to use to their benefit the fact that Microsoft sought *individual* arbitration, arguing that "if the Court compels Plaintiffs to individual arbitration," that would prejudice Plaintiffs by allowing Microsoft to "change the applicable discovery rules to its benefit." ECF No. 99 at 11 & n.6. Despite expressly acknowledging the

---

[1] *See also id.* at 1 ("Each of them agreed to Uber's [2020 PAA], in which they promised … to individually arbitrate any disputes "arising out of or related to," among other things, their "use of an account to use [Uber's] Platform and Driver App as a driver."); *id.* ("[T]he same promise that Plaintiffs made to individually arbitrate their claims against Uber applies equally to their claims against Microsoft."); *id.* at 4 ("The Arbitration Agreement notifies Drivers that the 2020 PAA requires individual arbitration of disputes between Drivers and Uber, as well as between Drivers and certain third parties."); *id.* ("This Arbitration Provision requires all such claims to be resolved only by an arbitrator through final and binding individual arbitration and not by way of court or jury trial."); *id.* at 5 ("Despite their commitment to resolve through individual arbitration all disputes with any entity that 'arise out of or relate to' (among other things) their use of Uber's Driver App, Plaintiffs filed this putative class action in court against Microsoft."); *id.* at 6 ("Plaintiffs agreed to resolve their claims against Microsoft in this action through binding individual arbitration."); *id.* (referring to the "motion to compel Plaintiffs to individual arbitration"); *id.* at 7 ("Under the FAA, Plaintiffs must individually arbitrate their claims against Microsoft in this action."); *id.* ("[T]his Court should compel Plaintiffs to individually arbitrate their claims"); *id.* (asking the Court to "stay any and all further judicial proceedings pending such individual arbitration"); *id.* at 15 ("Plaintiffs must individually arbitrate their BIPA claims against Microsoft"); *id.* ("[T]he Court should compel individual arbitration."); *id.* ("Plaintiffs should be compelled to individually arbitrate all claims they assert here.").

salience of this issue, Plaintiffs chose not to challenge the individual nature of the arbitration sought under, or the enforceability of the class action waiver contained in, the Arbitration Provision. Having failed to do so there, Plaintiffs cannot raise any such argument now.

**B.  Plaintiffs' Arguments Lack Merit.**

**1.  The Arbitration Provision does not permit Plaintiffs to demand *class* arbitration of their claims.**

Because "[a]rbitration is strictly a matter of consent," courts may order class arbitration only if the parties expressly agreed to participate in such a class arbitration proceeding. *Lamps Plus*, 139 S. Ct. at 1415. As the Supreme Court has explained, there is "reason to doubt" a claim that the parties have impliedly "consent[ed] to resolve disputes through classwide arbitration." *Id.* at 1416. That is because class arbitration is "markedly different from the 'traditional individualized arbitration' contemplated by the FAA." *Id.* Class arbitration has many unique "risks and costs" and "lacks th[e] benefits" of speed and efficiency that make individual arbitration attractive. *Id.* So, "courts may not infer consent to participate in class arbitration absent an affirmative contractual basis for concluding that the party agreed to do so." *Id.* And the affirmative contractual basis must be clear: "Silence is not enough." *Id.* Nor is "ambiguity." *Id.* at 1417.

Here, Plaintiffs do not—because they cannot—point to any express language in the 2020 PAA unambiguously showing that the parties affirmatively consented to *class* arbitration of Plaintiffs' claims against Microsoft. Indeed, they do not even try to do so. Instead, they argue (without even acknowledging, much less citing to, the *Lamps Plus* standard) that the 2020 PAA should be presumed to permit class arbitration of their claims against Microsoft, unless some other provision expressly prohibits it. *See* Mot. 5 (arguing arbitration must proceed on a classwide basis because "[t]here is no language in the Class Action Waiver remotely approaching an 'express declaration' that it applies to disputes involving non-signatories"); *see also id.* at 6-7 (arguing this

Court should draw an "inference" that arbitration may proceed on a classwide basis, because the 2020 PAA does not expressly state otherwise). But *Lamps Plus* squarely forecloses this argument, and the Court should reject it.

In any event, the Arbitration Provision unambiguously requires that Plaintiffs' claims against Microsoft be brought in "individual arbitration." ECF No. 102-3 at § 13.1(b). Plaintiffs insist that "every … reference to individual arbitration in the [2020 PAA] is cabined to disputes between Uber drivers and Uber," and so does not extend to disputes between Plaintiffs and Microsoft. Mot. 6. But the Arbitration Provision itself says otherwise. Specifically, rather than limit the individual arbitration requirement to disputes ***between*** drivers and Uber, the Arbitration Provision provides that it "applies to all claims whether ***brought by*** you or us [Uber], except as provided below." ECF No. 102-3 at § 13.1(b) (emphasis added). Below that language, the Arbitration Provision states that it "also applies, without limitation, to disputes between you and us [Uber], or between you and any other entity or individual," including Microsoft here. *Id.* at § 13.1(c). The Arbitration Provision finally provides that it "requires all such claims to be resolved only by an arbitration through final and binding individual arbitration." *Id.* at § 13.1(b). The Arbitration Provision thus makes clear that all arbitrations within its scope—including arbitrations not just between Plaintiffs and Uber itself, but also between Plaintiffs and "any other entity," like Microsoft—must occur on an individual basis only.

And although it is irrelevant given the Arbitration Provision's plain words, Plaintiffs are similarly incorrect when they insist that "the separate Class Action Waiver provision … applies only to disputes between Plaintiffs and Uber." Mot. 2. Contrary to Plaintiffs' suggestion, the Class Action Waiver is not "separate" from the Arbitration Provision. The 2020 PAA defines the Arbitration Provision as all of Section 13, and the Class Action Waiver is part of that Section. The

Class Action Waiver, moreover, simply reaffirms what the language discussed above in text already says: "Both Uber and you agree to bring *any dispute* in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for *any dispute* to be brought, heard or arbitrated as a class or collective action, or for you to participate as a member in any such class or collective." ECF No. 102-3 at § 13.4 (emphasis added). By twice using the phrase "any dispute" (and not, for example, the phrase "any dispute between you and us") to define its scope, the Class Action Waiver plainly provides that it extends both to disputes between Plaintiffs and Uber, and to disputes between Plaintiffs and "any other entity," like Microsoft, equally. This is consistent with the fact that the Class Action Waiver, as a part of the Arbitration Provision of which it is a part, is governed by the Arbitration Provision's express statement that its provisions (including the Class Action Waiver) "appl[y], without limitation to disputes … between you and any other entity or individual," including Microsoft. ECF No. 102-3 at § 13.1.

> ### 2. Plaintiffs' unconscionability arguments provide no basis for avoiding their contractual agreement to arbitrate individually.
>
> #### a. The FAA preempts Plaintiffs' unconscionability arguments.

Plaintiffs fare no better in asserting that requiring them to arbitrate their claims against Microsoft individually would be unconscionable. *See* Mot. 7-12. This argument too flies directly in the face of Supreme Court precedent, which holds that the FAA does "not allow a contract defense"—including "unconscionability"—"to reshape traditional individualized arbitration by mandating classwide arbitration procedures." *Epic Sys.*, 138 S. Ct. at 1623; *Lamps Plus*, 139 S. Ct. at 1418 (the FAA preempts "the general contract defense of unconscionability" to the extent "it ha[s] the consequence of allowing any party to a consumer arbitration agreement to demand class proceedings without the parties' consent"). The FAA thus preempts Plaintiffs' attempt to use

Illinois unconscionability law to interfere with this Court's ability to "enforce [the] [A]rbitration [Provision] according to [its] terms." *Epic Sys.*, 138 S. Ct. at 1621. And indeed, courts have consistently followed Supreme Court case law in rejecting efforts to invalidate class action waivers on unconscionability grounds. *See, e.g.*, *Auyeung v. Toyota Motor Sales, USA, Inc.*, 2019 WL 3385189, at *8 (N.D. Ill. 2019) ("To whatever extent state law might hold that plaintiff's arbitration agreement is substantively unconscionable because of the class-action waiver, the FAA preempts the state-law rule and requires enforcement of the agreement.")

Notably, Plaintiffs do not engage with any of the relevant Supreme Court precedent. In fact, the primary authority on which they rely is 2006 case from the Illinois Supreme Court. *See Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250 (Ill. 2006). But *Kinkel* is no longer good law on this point. In 2011, the U.S. Supreme Court issued *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), which overturned a similar decision from the California Supreme Court, holding the FAA preempts any state-law unconscionability defense to class action waivers in arbitration agreements. The law since then has been clear and consistent: To the extent Plaintiffs attempt to use state unconscionability law to "object to their agreements precisely because they require individualized arbitration proceedings instead of class or collective ones," they are "seek[ing] to interfere with one of arbitration's fundamental attributes" in a way that the FAA does not permit. *Epic Sys.*, 138 S. Ct. at 1622. For this reason alone, Plaintiffs' unconscionability argument fails.

> **b. Plaintiffs' unconscionability arguments also fail under Illinois law.**

In any event, Plaintiffs are wrong when they maintain that requiring them to arbitrate their claims against Microsoft on an individual basis is unconscionable under Illinois law. In Illinois, "[u]nconscionability may be either procedural or substantive, or a combination of both." *Williams*

*v. Jo-Carroll Energy, Inc.*, 382 Ill. App. 3d 781, 784 (2008).[2] Plaintiffs have shown neither.

(1)     Requiring individual arbitration is not procedurally
unconscionable.

Plaintiffs' first procedural unconscionability argument is nothing but a rehash of their argument—already addressed above, *see supra* § IV.B.1—that the Arbitration Provision does not require individual arbitration of their claims against Microsoft. Plaintiffs insist that it would be unconscionable to compel them to arbitrate their claims against Microsoft individually, because (they say) there is no indication "in the Platform Access Agreement that by agreeing to it, Plaintiffs would waive their ability to pursue claims on a class basis against unnamed third parties." Mot. 8. Plaintiffs attempt to support that premise by simply referring back to their earlier argument that only disputes between Plaintiffs and Uber are subject to individual arbitration under the Arbitration Provision. *See id.* (arguing that this is established by the points "discussed above"). But as shown above, the Arbitration Provision (including its Class Action Waiver) unambiguously requires Plaintiffs to bring their claims against Microsoft in *individual* arbitration. *See supra* pp.9-10. Accordingly, this argument fails for the same reasons.

In fact, Plaintiffs' first procedural unconscionability argument is a rehash not just of other arguments they have made in the Motion, but also of an argument they previously made—unsuccessfully—in their Opposition to Microsoft's Motion to Compel Arbitration. There, Plaintiffs argued that there is no "express language whatsoever in Uber's 2020 PAA to suggest that Plaintiffs or Uber intended for Defendant itself to benefit from the PAA." ECF No. 99 at 13. Here, Plaintiffs argue the same thing, but as to one specific subsection of the Arbitration Provision.

---

[2] Of course, not just any degree of unconscionability will be "[]sufficient, by itself, to render [a] class-action waiver unenforceable." *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 238 (2008). Even agreements that are "unconscionable to some degree" can—and are—enforced by Illinois courts. *See id.*

*See* Mot. 8 (arguing there is no "statement in the Platform Access Agreement that by agreeing to it, Plaintiffs would waive their ability to pursue claims on a class basis against unnamed third parties"). But as this Court already rejected that argument, holding the arbitration "agreement"—all of it—"applies to third parties, including Microsoft," because the agreement said as much in language "so strong[] as to be practically an express declaration." ECF No. 104 at 5, 7.

Plaintiffs fare no better with the fallback argument that even if the Arbitration Provision, by its terms, requires Plaintiffs to individually arbitrate their claims against Microsoft, it does not do so conspicuously enough because it used bold text to require individual arbitration of claims against Uber, but did not use similar emphasis when saying the same about claims against other entities (such as Microsoft). Mot. 9. Plaintiffs cite no authority invalidating a class action waiver for insufficient conspicuousness because the agreement used bold font to describe the class action waiver in one place but not in another. Instead, Plaintiffs misleadingly assert that "[i]n *Kinkel*, the Illinois Supreme Court approved of the lower court's finding of procedural unconscionability because the class waiver at issue [was not sufficiently conspicuous]." *Id.* In fact, *Kinkel* found that even though the "class action waiver [was] nonnegotiable and presented in fine print in language the average consumer might not fully understand," such contracts "are a fact of modern life" and "[i]t cannot reasonably be said that all such contracts are so procedurally unconscionable as to be unenforceable." 857 N.E. 2d at 265-66.[3] Other courts in Illinois agree, rejecting procedural unconscionability challenges to arbitration provisions based on the mere inconspicuousness of the provision. *See, e.g.*, *Bess*, 381 Ill. App. 3d at 238 (2008) (arbitration provision enforceable, despite

---

[3] While *Kinkel* observed that a *different* aspect of the arbitration agreement, namely its failure to adequately disclose that the plaintiff would have to pay arbitration fees, had a "degree of procedural unconscionability," the Illinois Supreme Court also emphasized that this was still "[in]sufficient to render the class action waiver unenforceable." 857 N.E. 2d at 266.

lower court finding that it "was inconspicuously placed in the Customer Agreement").

(2)    Requiring individual arbitration is not substantively unconscionable.

Plaintiffs do not contend that the Arbitration Provision is unconscionable to the extent it requires individual arbitration of Plaintiffs' claims against Uber. *See* Mot. 10-12. And for good reason. "Many courts have addressed" whether Uber's arbitration provision is unconscionable, and "every one of [them] (save for a single trial judge in California) has held that the arbitration provisions are not unconscionable." *Sienkaniec v. Uber Techs., Inc.*, 2017 WL 7791193, at *1 (D. Minn. 2017) (collecting cases). Instead, Plaintiffs make a more limited argument, insisting that the Arbitration Provision is substantively unconscionable only to the extent it requires individual arbitration of "disputes between Uber drives and non-signatories such as" Microsoft. Mot. 10. Plaintiffs offer only one reason for why this is supposedly so: "that the costs to Plaintiffs of pursuing their low-value individual claims against Defendant in arbitration, will exceed their expected damages." Mot. 10. But that argument is wrong on both the facts and the law.

Factually, Plaintiffs' argument rests on the incorrect assertion that whereas "Plaintiffs would only be required to pay a filing fee equivalent to a case filing in this Court for claims involving Uber," Plaintiffs would be required to pay the full $2,000 JAMS filing fee for claims against Microsoft. Mot. 10-11.[4] The Arbitration Provision plainly says otherwise, stating, without qualification, that: "[Y]our portion of ***any initial arbitration filing fee*** shall not exceed the amount you would be required to pay to initiate a lawsuit in federal court in the jurisdiction where the

---

[4] Plaintiffs also complain that they would be required to pay their share of the Arbitrator's fees. Mot. 11. But as they acknowledge, this would be true of claims they made against Uber as well. *See id.* This argument is thus indistinguishable from the "similar attacks on the standard Uber driver's contract" that "[m]any courts have addressed"—"every one of [which] (save for a single trial judge in California) has held that the arbitration provisions are not unconscionable." *Sienkaniec*, 2017 WL 7791193, at *1.

arbitration will be conducted." ECF No. 102-3 at § 13.6(b) (emphasis added). That statement, by its terms, is not limited to disputes between Plaintiffs and Uber—but rather applies to "any" filing fee—and so applies equally to disputes (like the one here) between Plaintiffs and Microsoft.[5]

In any event, even if Plaintiffs were required to pay the full arbitration filing fee, Plaintiffs are legally wrong that this would render the Arbitration Provision unenforceable. As the case that Plaintiffs themselves rely on explains, "a class action waiver will not be found unconscionable if the plaintiff had a meaningful opportunity to reject the contract term." *Kinkel*, 857 N.E.2d at 274, *cited at* Mot. 4, 8, 9, 10, 12; *accord Sherrier v. Alliant Credit Union*, 2022 IL App (1st) 211214-U, ¶ 85, *appeal denied*, 201 N.E.3d 589 (Ill. 2023). That is exactly the case here. As Microsoft has already explained—and Plaintiffs have not disputed—Plaintiffs each had an opportunity to opt out of the Arbitration Provision, yet neither elected to do so. *See* ECF No. 92 at 5. Having decided to be bound by the Arbitration Provision, Plaintiffs cannot now be heard to complain about its requirements. *See Sienkaniec*, 2017 WL 7791193, at *1 (commenting it is "not surprising," that Uber's Arbitration Provision is nearly uniformly upheld in the face of unconscionability attacks, "given that Uber drivers such as [Plaintiffs] can easily opt out of those provisions"). Plaintiffs' substantive unconscionability argument thus fails for this separate reason as well.

## V.    CONCLUSION

This Court should deny Plaintiffs' Motion to modify its Order unconditionally granting Microsoft's request to compel binding, individual arbitration.

---

[5] Even if there were any doubt about on this point, Illinois law would require the Arbitration Provision to be construed in the way described above in text. That is because under Illinois law "the promisor may assert against the [third-party] beneficiary any defense that the promisor could assert against the promisee if the promisee were suing on the contract." *Olson v. Etheridge*, 177 Ill. 2d 396, 404 (1997). And so if Plaintiffs can (as they say) respond to Uber's enforcement of the Arbitration Provision by requiring Uber to pay some portion of the arbitration filing fee, then Illinois law permits Plaintiffs to respond to Microsoft's enforcement of the Arbitration Provision by requiring Microsoft to pay the same amount.

Dated:  August 1, 2023

Respectfully submitted,

/s/ Todd C. Jacobs

Todd C. Jacobs, Bar No. 6201358
John E. Bucheit, Bar No. 6255684
**Parker, Hudson, Rainer & Dobbs LLP**
Two N. Riverside Plaza, Suite 1850
Chicago, IL 60606
Ph: (312) 477-3306
Email: tjacobs@phrd.com
Email: jbucheit@phrd.com

Douglas H. Meal, Bar No. 1870492,
admitted *pro hac vice*
dmeal@orrick.com
222 Berkeley Street, Suite 2000
Boston, MA 02116-3777
Telephone:    +1 617 880 1880

Michelle Visser, Bar No. 277509,
admitted *pro hac vice*
mvisser@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5518

***Attorneys for Microsoft Corporation***

<u>**CERTIFICATE OF SERVICE**</u>

I, Todd C. Jacobs, an attorney, do hereby certify that on August 1, 2023, I have caused

a true and correct copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO**

**PLAINTIFFS' MOTION TO CLARIFY COURT ORDER** to be filed through the Court's

CM/ECF system, which will provide electronic notice to the below Counsel of Record:


Eugene Y. Turin
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
eturin@mcgpc.com
aheldut@mcgpc.com


*/s/ Todd C. Jacobs*
Todd C. Jacobs